Filed 1/19/23  P. v. Bowling CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079323 |
| v. | (Super.Ct.No. SWF023106) |
| MICHAEL BOWLING, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.

Affirmed.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant, Michael Bowling, filed a petition for resentencing pursuant to Penal Code former section 1170.95,[1] which the court denied. After defense counsel filed a notice of appeal, this court appointed counsel to represent him.

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*),[2] setting forth a statement of the facts, a statement of the case, and two potentially arguable issues: (1) whether the trial court erred in denying defendant's petition without issuing an order to show cause; and (2) whether the ameliorative provisions of section 1172.6 extend to those convicted of attempted voluntary manslaughter.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND[3]

Defendant fired 10 shots from a gun at a car, hitting three people. (*Bowling*, *supra*, E045557.) "After the trial court granted his . . . section 1118.1 motion and

---

[1] All further statutory references are to the Penal Code unless otherwise indicated. Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.)

[2] In *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), the California Supreme Court recently held that *Wende* and *Anders* procedures do not apply in appeals from the denial of a section 1172.6 postjudgment petition. (*Delgadillo*, at pp. 224-226.)

[3] On the court's own motion, we take judicial notice of this court's opinion from defendant's appeal from the judgment (*People v. Bowling* (Sept. 9, 2009, E045557) [nonpub. opn.] (*Bowling*)) on which defense counsel relies in his factual recitation in the brief. (Evid. Code, §§ 452, 459; Cal. Rules of Court, rule 8.1115(b).)

dismissed three counts of attempted murder, six criminal street gang enhancements, and two great bodily injury allegations, a jury found [defendant] guilty of three counts of attempted manslaughter, three counts of assault with a firearm, and made true findings on two great bodily injury allegations and a personal use of a firearm allegation.  Defendant later admitted the allegations that he had served three prior terms in prison, and . . . had previously been convicted of one prior serious felony and one strike.  The trial court sentenced defendant to serve a total term of 33 years eight months in prison." (*Bowling*, *supra*, E045557, fn. omitted.)

Defendant appealed the judgment.  By opinion filed September 9, 2009, this court affirmed but modified the sentence by reducing the three-year term imposed on an enhancement to one year.  (*Bowling*, *supra*, E045557.)

On April 5, 2022, defendant filed a form petition for resentencing pursuant to former section 1170.95.  At the hearing on the petition on June 3, 2022, the People moved the court to dismiss the petition for defendant's "lack of eligibility."  The People noted that the jury convicted defendant of three counts of attempted manslaughter and stated, "[t]here are no instructions given on aiding and abetting, natural and probable consequences, or felony murder.  [¶]  . . . [T]he petition [*sic*] also alleges that he was the shooter, so he's the actual killer, [*sic*] he's not eligible."

Defense counsel noted she had consulted with defendant and objected to the dismissal of the petition.  The court asked whether defense counsel took "issue with the People's representation about the jury instructions that were given?"  Defense counsel responded, "No."  The court denied the petition.

3

## II.  DISCUSSION

Because our order of November 16, 2022, implied that we would independently review the record for potential errors even if defendant chose not to file a supplemental brief, we exercise our discretion to do so even though not required.  (*Delgadillo*, *supra*, 14 Cal.5th at p. 230 ["[I]f the appellate court wishes, it may also exercise its discretion to conduct its own independent review of the record in the interest of justice."]; *id* at p. 232 ["[I]t is wholly within the court's discretion [to] conduct[] its own independent review of the record in any individual section 1172.6 appeal."] *id*. at p. 233, fn. 6 ["[T]he decision to conduct independent review is solely up to the discretion of the Courts of Appeal . . . .].)  We find no arguable issues.

## III.  DISPOSITION

The order denying defendant's petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER_____
                                              Acting P. J.

We concur:


CODRINGTON_____
                    J.


SLOUGH_____
                    J.

4